IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY SOLORIO,

Petitioner, No. 2:11-cv-2161 WBS EFB P

vs.

KEVIN CHAPPELL,[1]

Respondent. FINDINGS AND RECOMMENDATIONS

_____________________________/

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss this action as untimely. Dckt. No. 10. For the following reasons, respondent's motion must be granted.

**I. Procedural History**

Petitioner was convicted of grand theft on January 21, 1997. Documents Lodged ISO Resp.'s Mot. to Dismiss (hereinafter "Lodg. Doc.") 1. Pursuant to California's Three Strikes law, the Sacramento County Superior Court sentenced petitioner to 25 years to life. Lodg. Docs.

---

[1] Cullen (first name not provided) was previously named as the respondent. Kevin Chappell is currently the warden of San Quentin State Prison, where respondent is incarcerated. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Accordingly, the court now substitutes Kevin Chappell as respondent.

1, 2. Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District, which affirmed the lower court's judgment. Lodg. Doc. 2. Petitioner filed a petition for review in the California Supreme Court, which denied the petition on April 11, 2001. Lodg. Docs. 3, 4.

Petitioner subsequently filed three state habeas petitions. First, he filed a habeas petition in the Sacramento County Superior Court on February 15, 2010.[2] Lodg. Doc. 5. That petition was denied on March 22, 2010. Lodg. Doc. 6. The second state petition was filed in the California Court of Appeal, Third Appellate District, on April 12, 2010, and was denied on April 15, 2010. Lodg. Docs. 7, 8. Petitioner's last state petition, filed in the California Supreme Court, was denied on July 13, 2011. Lodg. Docs. 9, 10.

The instant petition was filed in this court on August 8, 2011. Dckt. No. 2011. Petitioner claims that his sentence violates the United States Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007), because he received an indeterminate life sentence based on factual findings made by the sentencing judge and not by a jury.[3] Dckt. No. 1 at 5.[4]

## II. Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created

[2] The court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[3] Petitioner does not specifically state what factual findings were made by the sentencing judge. However, based on a fair reading of the petition, it appears petitioner believes the sentencing judge impermissibly determined that petitioner had two prior strikes under California Three Strike law without submitting the issue to a jury.

[4] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Equitable tolling is available where a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Nedds v. Calderoni*, 678 F.3d 777 (9th Cir. 2012). The U.S. Court of Appeals for the Ninth Circuit has held that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith*, 297 F.3d at 814 (overruled on other grounds by *Pace*, 544 U.S. at 418); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

////

////

## III. Analysis

### A. Start Date of the Limitations Period

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on April 11, 2001. Lodg. Doc. 4. The conviction became final within the meaning of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on July 10, 2001. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.2d 1243, 1246 (9th Cir. 2001). Thus, the petitioner had until July 10, 2002, to file his federal habeas petition. However, he did not file the instant petition until August 8, 2011. Dckt. No. 1. Absent tolling, the petitioner is more than nine years late.

In his opposition to the present motion, petitioner argues that this court may entertain his petition because his claims "are based solely on a New Rule of Law and Newly discovered and Newly presented evidence." Dckt. No. 13 at 3 (internal quotations omitted). Although not entirely clear from his opposition, petitioner appears to argue that he is entitled to a later start date under 28 U.S.C. 2244(d)(1)(C) because his claim is based on the United States Supreme Court's decision in *Cunningham*, which was decided after his conviction became final. *See* Dckt. No. 1 at 6-7.

Under 28 U.S.C. 2244(d)(1)(C), the limitations period may commence running "on the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In *Cunningham*, the Supreme Court did not recognize a new constitutional right. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008) ("*Cunningham* . . . did not announce a new rule of constitutional law. . . ."). Accordingly, the Supreme Court's decision in *Cunningham* does not provide petitioner a later start date under section

////

2244(d)(1)(C).[5]

Furthermore, petitioner is not entitled to a later start date under section 2244(d)(1)(D). That section provides that the limitation period for filing a federal habeas petition runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). While petitioner contends that his claims are based on new evidence, he does not actually present or discuss any new evidence. Dckt. No. 13 at 3. At most, petitioner presents an argument that he was not aware of the legal significance of the facts surrounding his case until the Supreme Court issued its decision in *Cunningham*. *See* Dckt. No. 13 at 3-4. However, under section 2244(d)(1)(D), the "factual predicate" of a claim is discovered "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner was aware of the facts surrounding the imposition of his sentence at the time of conviction. He therefore is not entitled to the start date provided by section 2244(d)(1)(D).

**B. Tolling**

Petitioner's three state habeas petitions were all filed after July 10, 2002, the date the limitations period expired. Accordingly, his state petitions do not provide a basis for statutory tolling. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (finding a petitioner's filing of a state

---

[5] In his petition, petitioner also appears to argue that the limitations period was not triggered until the California Supreme Court issued its decision in *In re Gomez*, 45 Cal.4th 650 (2009). Petition's reliance on *Gomez* is also misplaced, as the California Supreme Court recognized in that case that *Cunningham* did not announce a new rule of constitutional law. 45 Cal.4th at 656-660. Furthermore, *In re Gomez* is a California Supreme Court decision, and 28 U.S.C. § 2244(d)(1)(C) only applies to new rights recognized by the United States Supreme Court. *See Dodd v. United States*, 545 U.S. 353, 357-60 (2005) (holding that identical language in 28 U.S.C.§ 2255 expressed congressional intent that the commencement of the limitation period is delayed where the United States Supreme Court itself has made a new rule retroactive). Thus, *In re Gomez* does not provide petitioner with a later start date.

habeas petition after the one-year limitations period ran "resulted in an absolute time bar to refiling after his state claims were exhausted"); *Laws v. Lamarque*, 351 F.3d 919, 922 ("[B]ecause [petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim in the first instance.").

Furthermore, petitioner fails to assert a basis for equitable tolling. Petitioner has not pled facts showing that he diligently pursued his rights or that some external force prevented him from timely filing his petition. As there is no basis for tolling the statute of limitations, the petition must be dismissed as untimely.

**IV. Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, Dckt. No. 10, be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 26, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE